THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GREGORIO RODRÍGUEZ and SANTOS OCASIO, Defendants and Appellants.

No. 7788. Argued November 9, 1939.—Decided January 10, 1939.

*F. M. Susoni, Jr.,* for the appellants. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Gregorio Rodríguez and Santos Ocasio were convicted of criminal libel. They submit that the district court erred in

rendering judgment on the evidence adduced at the trial because the handbill in question was a privileged communication, and it was incumbent on the prosecution to prove malice by extrinsic evidence.

The published article imputed to Ernesto Machado, an insular policeman, a series of criminal acts. The district court overruled a motion for "nonsuit". Defendant introduced no evidence. There was no pretense that the charges against the policeman were true or that defendants had any reason to believe them to be true. There was nothing to suggest that the publication was prompted by any laudable cencern for the public interest, or that there was any occasion or any proper motive, or any justification or excuse for the publication.

Sections 245, 246 and 251 of the Penal Code read as follows:

"Section 245.—An injurious publication is presumed to have been malicious if no justifiable motive for making it is shown.

"Section 246.—In all criminal prosecutions for libel, the truth may be given in evidence to the court or jury, and if it appears to the court or jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted. The jury have the right to determine the law and the fact.

"Section 251.—A communication made to a person interested in the communication, by one who was also interested or who stood in such relation to the former as to afford a reasonable ground for supposing his motive innocent, is not presumed to be malicious, and is a privileged communication."

Appellants rely on: *People* v. *Polo,* 14 P.R.R. 760; Note to *Kennerly* v. *Hennessy,* 19 A.L.R. 1490–1494; *City of Chicago* v. *Tribune Co.* 139 N. E. 86; 28 A.L.R. 1368–1377; *Abraham* v. *Baldwin,* 42 So. 591; *Quiñones* v. *J. T. Silva Banking and Commercial Co.* 16 P.R.R. 661; and 17 R.C.L. 342.

The *Fiscal* of this Court cites: *People* v. *Sierra,* 48 P.R.R. 254; *People* v. *Lastra Chárriez,* 50 P.R.R. 114;

*People* v. *Mirayes*, 52 P.R.R. 307; 2 Wharton Criminal Law 2302, Section 1979; Id. 2026, Section 2012; 2 Brill. Criminal Encyclopedia 1340, Section 808, and Id. 1348, Sections 811, 813.

The brief for appellants has failed to satisfy us that the handbill was a privileged communication.

The judgment appealed from must be affirmed.